DECISION AND JUDGMENT ENTRY
This is an appeal from a decision of the Fulton County Court of Common Pleas denying a motion for child support filed by appellant, Susan G. Poll (formally Yark). The trial court filed the judgment entry containing its decision on March 29, 2000. Appellant subsequently filed this appeal to challenge the decision, and has presented two assignments of error for consideration that are:
 "I. WHETHER IT IS PROPER FOR A TRIAL COURT TO REFUSE TO EXERCISE JURISDICTION TO DETERMINE WHETHER PERIODIC CHILD SUPPORT PAYMENTS ARE WARRANTED.
 "II. WHETHER IT IS PROPER FOR A TRIAL COURT TO REFUSE TO SET PERIODIC CHILD SUPPORT PAYMENT PURSUANT TO THE CHILD SUPPORT GUIDELINES BASED ON PARENTS' PREVIOUS AGREEMENT TO WAIVE PERIODIC SUPPORT PAYMENTS."
Before addressing the arguments of the parties relating to these assignments of error, we will first review the facts and procedure in this case.
This case began on February 19, 1997, when appellant and appellee, Donald J. Yark, Jr., filed a petition for dissolution of marriage in the Fulton County Court of Common Pleas. The petition for dissolution of marriage contained a separation agreement with the following relevant terms:
 "2. Parenting Rights of Minor Children. The parties hereto have entered into a Shared Parenting Agreement which is attached hereto and incorporated herein.
 "3. Child Support. Pursuant to the Ohio Child Support Guidelines, Donald J. Yark, Jr. should pay Eleven Thousand Nine Hundred Thirty-One and 47/100 ($11,931.47) Dollars per child per month to Susan P. Yark as and for child support. In lieu of periodic payments of child support and on other terms and conditions outlined in the herein Separation Agreement, as well as on the Shared Parenting Plan entered into by the parties and the obligations undertaken by Donald J. Yark, Jr. on behalf of his minor children, the parties have agreed that they will deviate from the Guidelines and that said deviation is in the best interest of the minor children and is not unjust and not inappropriate. The parties agree that there will be no periodic payment of child support by either party to the other; however, Donald J. Yark, Jr. will pay to Susan P. Yark, upon execution of this Agreement the sum of Two Hundred Thousand ($200,000.00) Dollars as an advance lump sum payment of child support.
 "The deviation is also based on the agreement that Donald J. Yark, Jr. will pay for the children's education expenses, including parochial grade school and high school educational expenses and four (4) years college education expenses for each child, based on the then existing cost of room, board, tuition and books for an accredited State of Ohio college."
The separation agreement went on to specify that appellee was also responsible to pay for all medical insurance and medical treatments for the children until each child completed college. In addition, appellee agreed to reimburse appellant for all reasonable and necessary clothing expenses of the children and to maintain life insurance policies that were already in existence for each of the children.
The Shared Parenting Plan referred to in the Separation Agreement contained the following pertinent terms:
"Child Support
 "Although we agree that the matter of child support shall be subject to the continuing jurisdiction of the Court and may be established or modified at the request of either party pursuant to the relevant statutory facts and guidelines, it is the desire of the parties that neither party shall pay child support to the other pursuant to this Shared Parenting Agreement and the Separation Agreement executed by the parties.
 "We agree that based upon the Shared Parenting Agreement, the income and assets of the parties and the substantial support obligations that Donald J. Yark, Jr. has agreed to undertake, and upon the payment of $200,000 by Donald J. Yark, Jr. to Susan P. Yark as lump sum advance payment on child support, payable at the time of execution of the appropriate Separation Agreement by the parties, no further periodic child support will be paid by either party to the other."
On March 24, 1997, the trial court filed a judgment entry in which it granted the petition for dissolution of marriage. The court said: "The Petitioners are ordered to fulfill each and every obligation imposed by the Separation Agreement attached and incorporated to this Decree."
On September 28, 1999, appellant filed a motion seeking child support. In her motion, she alleged:
 "* * * there has been a substantial change in circumstances of the parties and there should be an increase in child support for the three (3) remaining unemancipated minor children of the parties and further this Court should set periodic child support payments in accordance with the Child Support Guidelines,
 "WHEREFORE, Plaintiff requests that this Court set periodic child support payments in accordance with the Ohio Child Support Guidelines and for such other relief as shall be just, necessary and equitable."
On December 7, 1999, the trial court filed an order stating that discovery on the "jurisdictional issue" was continued through February 14, 2000.
Both parties filed written arguments in the trial court. Appellant argued that the trial court retained jurisdiction to modify the separation agreement in regard to child support pursuant to R.C. 3105.65(B) and R.C. 3113.215. Appellant also argued that there was ambiguity in the separation agreement. Specifically, appellant said the term "advance" used in the agreement is not equivalent to final payment and that the statement that the court would have "continuing jurisdiction" is not equivalent with saying there can never be any child support ordered. Appellant said the trial court had an obligation to resolve the ambiguities.
Appellee argued that the trial court did not have jurisdiction to make an order compelling him to pay child support, because appellant failed to meet her burden of showing a substantial change in circumstances. Relying upon the same statutory provisions cited by appellant, appellee argued that the trial court only had continuing jurisdiction to order child support if there was a substantial change in circumstances. Appellee said:
 "In this case, because there is a child support order established under the Guidelines, whether there has been a substantial change in circumstances depends on a showing that a new Guideline calculation would result in a child support order ten percent or more higher. The existing order calls for payments of $11,931.47 per child. Thus, in order to invoke this Court's jurisdiction, plaintiff must make a threshold showing that a recalculation pursuant to R.C. 3113.215(B)(4), as required by DePalmo and Marker would result in an order of at least $13124.62."
Appellee also argued that there is no ambiguity in the separation agreement. Appellee said that whenever the term "advance" is used in the agreement, the rest of the paragraph makes it clear that no more child support payments will come. Appellee said the term "advance" clearly means the sole and only payment, not a credit against periodic payments.
On March 29, 2000, the trial court denied appellant's motion for child support. The trial court outlined the arguments of the parties and then said:
 "Here the parties negotiated a contract with the assistance of competent counsel on each side. The parties are sophisticated, and the children are clearly being well taken care of. The amount of child support called for under the terms of the contract, being future payments reduced to present day value ($200,000.00) is `substantial' under any definition. Further Plaintiff-Mother received an additional 8.5 million dollar settlement and `need' in this case is clearly lacking. Lastly, Plaintiff has not demonstrated any `substantial change in circumstance.'
 "The Court has a strong belief and adherence to the concepts of `res judicata' and `equitable relief.' Plaintiff has not been able to demonstrate to this Court any good, justifiable, or equitable reason why the provisions of the previously rendered Judgment Entry of this Court, being in fact a memorialization and legitimization of the counseled `agreement' of the parties hereto, should not be ratified, confirmed, and enforced."
In support of her first assignment of error, appellant argues that the trial court had an obligation to hold an evidentiary hearing to decide whether, based upon the current circumstances of the parties and their children, it is in the best interest of the children for the trial court to order appellee to make periodic child support payments. Appellant says that the three reasons given by the trial court for its decision not to exercise its jurisdiction to use its retained jurisdiction to modify the child support order (that the parties both had counsel when they negotiated the separation agreement, that the $200,000 lump sum payment was substantial, and that appellant has no financial need because she got a sizeable property settlement) do not address what is in the best interest of the children. In addition, appellant complains that the three findings were made without the court having any hearing where testimonial or documentary evidence was presented.
Appellant also says that res judicata and equitable relief are not applicable to bar her request for an order of periodic child support payments. She says if she was asking for a re-evaluation of the property settlement then res judicata would apply, but she had no reasonable expectation that the trial court would never re-open the question of child support. Further, she says that there is no evidence to show that a reconsideration of child support would cause appellee to suffer irreparable harm that would trigger the doctrine of equitable relief. Instead, she argues that the trial court's decision not to exercise jurisdiction is inequitable to the minor children of the parties. She says that the trial court "improperly considered only the Appellant's property settlement as opposed to each parent's gross income based on the factors set out in O.R.C. 3113.215 in the determination that child support is not warranted."
Appellee responds that the trial court was not required to exercise its discretion to entertain appellant's motion to modify child support. Appellee says that appellant failed to show that the amount of child support, as calculated at the time she sought modification, would deviate more than ten percent from the amount he would have owed under the Child Support Guidelines when the dissolution was granted in this case. He argues: "In this case, there is a child support order established under the Guidelines in the amount of $11,931.47 per child per month, though there was also a court approved agreement to deviate from that amount by making a single advance payment of $200,000.00." Appellee says that the trial court could not exercise its jurisdiction to modify child support until appellant first showed "that a recalculation under 3113.215(B)(4) would result in an order of at least $13,124.62." Appellee says that appellant did not give the trial court any evidence to show that there was a substantial change of circumstances that would enable the court to modify the existing child support order.
Appellee further argues that even if the reasons given by the trial court for its ruling were incorrect, if the result reached by the court was correct, it must be affirmed. Appellee says that the trial court's decision in this case was correct because there is no proof of a substantial change in circumstances.
We begin by noting that this court will only reverse a trial court's ruling on a motion to modify child support for an abuse of discretion, see Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, or for an error of law. See Sellers v. Sellers (July 17, 1998) Lake App. No. 97-L-167, unreported. We also note that the party who filed the motion seeking a modification of child support has the burden of proof to show that a substantial change in circumstances has occurred since the date the child support order in effect was entered. Tremaine v. Tremaine (1996),111 Ohio App.3d 703.
R.C. 3113.215 provides, in pertinent part:
 "(B)(4) If an obligor or obligee under a child support order requests the court to modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the support order in accordance with the schedule and pursuant to the applicable worksheet in division (E) of this section, through line 24, or in division (F) of this section, through line 23 * * *"
The statute goes on to provide three circumstances that would justify a trial court issuing an order modifying a child support order following the recalculation: 1) after the child support guidelines are applied using the current circumstances of the parties, the court finds that there is at least a ten percent increase or decrease in the amount the guidelines establish for child support payments; 2) the evidence shows that the child support payments currently ordered are not sufficient to meet the medical needs of a dependant child; or 3) there is a substantial change of circumstances not contemplated when the original order for child support was issued.
Ohio courts are in agreement that when a motion for modification of a child support order is filed, there is a two step process to be followed, according to the above quoted statutory provisions. First, the trial court must consider whether there is a substantial change in circumstances. DePalmo v. DePalmo (1997), 78 Ohio St.3d 535,540. If a substantial change does exist, then the trial court must order a modification of the existing child support order unless the trial court finds that the modified amount would be unjust or inappropriate or not in the best interest of the child. Id. at 540.
Our own review of existing case law shows that generally when a motion to modify a child support order is filed, Ohio courts hold a hearing to permit the movant to present evidence to demonstrate that the first part of the test for a modification exists: a substantial change in circumstances exists at the time of the hearing from the circumstances that existed when the child support order was made. See, e.g., Marker v.Grimm (1992), 65 Ohio St.3d 139, 139 (Trial court held hearing on motion to increase child support); Dickens v. Joseph (May 30, 2000), Franklin App. No. 99AP-688, unreported (no modification following hearing in trial court); and Church v. Gadd (June 30, 1999), Geauga App. No. 96-G-2014, unreported (modification denied following hearings). One appellate court has acknowledged that there may be occasions when a motion to modify may be disposed of without a hearing; however, care must be taken to ensure that all parties are afforded due process. Trisel v. Overholt (Mar. 20, 1997), Van Wert App. No. 15-96-12, unreported.
After hearing the evidence presented at the hearing, the trial courts then decide whether the evidence was credible and whether or not the movent met the burden of proof to show a substantial change in circumstances from the date of the child support order now in effect to the date the motion for modification was filed. If there is no substantial change in circumstances, the trial court has no jurisdiction to modify the child support order. Choi v. Ahmed (July 15, 1996), Stark App. No. 1995CA00358, unreported.
Regardless of whether a hearing is held or the trial court disposes of the motion without a hearing after ensuring all parties are afforded due process, if a trial court denies a motion for modification on the basis that there is no substantial change in circumstances, the trial court must base its finding that there is no substantial change in circumstances on specific facts. The Supreme Court of Ohio has ruled in cases involving appeals from orders granting a motion to modify child support that the trial court must complete child support computation worksheets in accordance with R.C. 3113.215, and must include the worksheets in the record so that appellate courts can make a meaningful review of the trial court's rulings. Marker v. Grimm (1992),65 Ohio St.3d 139, paragraph one of the syllabus. The Supreme Court of Ohio has also made it clear that the child support guidelines found in R.C. 3113.215 must be applied in appeals relating to requests for modification of child support orders where the parties originally agreed to deviate from the guidelines and to permit one party not to pay any child support, DePalmo v DePalmo (1997), 78 Ohio St.3d 535, paragraphs one and two of the syllabus, and in cases involving shared parenting agreements, Pauly v. Pauly (1997), 80 Ohio St.3d 386, at the syllabus.
Some appellate courts have subsequently ruled that a trial court does not have to include the worksheet in the record if the evidence produced at the hearing on the motion to modify showed that there is no change in circumstances. These appellate courts reason that the completion of the worksheet in that situation would be a "vain act". See, e.g., Morrow v.Morrow (Sept. 4, 1998), Lake App. No. 97-L-237, unreported; and Oreficev. Orefice (Dec. 19, 1996), Cuyahoga App. No. 70602, unreported. However, even courts adopting this view have acknowledged that a trial court denying a motion to modify on the basis that there is no substantial change in circumstances must either include a completed worksheet in the record or must make adequate findings of fact and calculations in its decision to permit an appellate court on review to ascertain why completing the worksheet would be a "`vain act'". Churchv. Gadd (June 30, 1999), Geauga App. No. 96-G-2014, unreported.
In this case, we find that the trial court acted prematurely when it ruled it had no jurisdiction to modify the child support order, because the trial court had no evidence before it to support a determination that the circumstances at the time the motion for modification was filed were substantially unchanged from the circumstances that existed at the time the original child support order was entered. The trial court did make a cursory statement that there was no substantial change in the circumstances of the parties, but the trial court did not include a worksheet or make any findings of fact or calculations to support its statement. Furthermore, the findings that the trial court did make, that at the time of the dissolution appellant received a substantial one time payment of child support and a sizeable property settlement, do not address the relevant question, which is whether there is a substantial change in the circumstances of the parties that would result in the best interest of the children being served by a change in the child support order. In addition, the findings were not based upon any evidence presented in relation to the motion to modify child support. Instead, the findings of the trial court related more to its explanation why it believes a deviation from child support guidelines might be appropriate.
For the forgoing reasons, we conclude that the trial court abused its discretion when it ruled that it had no jurisdiction to modify the child support order in this case without first conducting an evidentiary hearing to determine if there is any substantial change in the circumstances. Appellant's first assignment of error is well-taken.
In support of her second assignment of error, appellant argues that the trial court should have granted her motion to modify the original agreement regarding child support and should have ordered appellee to begin making periodic payments pursuant to the child support guidelines found in R.C. 3113.215. Appellant says it is in the best interest of the children for the trial court to re-examine the original child support agreement of the parties. She quotes the following from DePalmo v.DePalmo, 78 Ohio St.3d at 540:
 "The law favors settlements. However, the difficult issue of child support may result in agreements that are suspect. In custody battles, choices are made, and compromises as to child support may be reached for the sake of peace or as a result of unequal bargaining power or economic pressures. The compromises may be in the best interests of the parents but not of the child. Thus, the legislature has assigned the court to act as the child's watchdog in the matter of support."
Appellee responds that appellant's argument is difficult to follow, but that she appears to be arguing either:
"(1) the child support payment ordered in the Separation Agreement was unreasonable, or (2) child support must always be provided by means of periodic payment." Appellee says appellant has presented "no standard of measure" to show that the original child support order was unreasonable. Appellee also says that appellant has offered no authority to support the assertion that child support must always be made by periodic payment. Finally, appellee argues that the original order cannot be changed unless appellant first proves that there has been a substantial change of circumstances.
To the extent that appellant appears to be attempting to challenge the original support order in this appeal, we find that the time for appealing that order is well past. See App.R. 4. To the extent that appellant may be arguing that the trial court should not order a deviation from the child support guidelines, we find that it would be premature for us to try to address that issue.
As we have indicated in our discussion of the first assignment of error, the trial court must first hold an evidentiary hearing to determine whether there has been a substantial change in the circumstances of the parties. Appellant will then be free to present evidence relating to any of the statutory grounds for showing a change of circumstances that are found in R.C. 3113.215. If appellant successfully meets that part of the test, the trial court must then consider evidence relating to the best interests of the minor children and to whether or not deviations from the child support guidelines meet those interests. In deciding whether deviations from the guidelines are warranted, the trial court must consider the factors found in R.C. 3113.215. Accordingly, we find that appellant's second assignment of error is not well-taken.
The judgment of the Fulton County Court of Common Pleas is reversed, and this case is remanded for further proceedings consistent with this decision. Appellant and appellee are each ordered to pay one-half the court costs of this appeal.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J., Richard W. Knepper, J., George M. Glasser, J.
CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.